UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA WILLING,

        Plaintiff,

v.

WOODCREEK ASSOCIATES, LLC, *et al.*,

        Defendants.
_____/

Case No. 1:04-CV-199

HON. RICHARD ALAN ENSLEN

**OPINION**

    This matter is before the Court on Defendant Kathleen Sterkel's Motion to Dismiss. Pursuant to 9 U.S.C. § 4, Defendant requests the Court dismiss this matter and compel arbitration of Plaintiff's claims in accordance with the terms of the written Arbitration Agreement, signed by Plaintiff on July 6, 2001. (Def.'s Mot. at 2-5.) Upon review, this Court finds that a hearing is unnecessary and will determine the matter based on the written pleadings.

    The Court will treat Defendant's Motion to Dismiss as made pursuant to Federal Rule of Civil Procedure 56 because matters outside of the pleadings are referred to by Defendant and Plaintiff regarding this Motion. Fed. R. Civ. P. 12(b). Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In assessing such a motion, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Defendant submits an Arbitration Agreement ("Agreement"), which states that it is binding on the "Retailer and their... employees... and any entity providing financing... and their... employees." (Defs.' Kuhn and Dougherty's Br. in Supp. of Mot. to Compel & Dismiss, Dkt. No. 19, Ex. B, Agreement at 1.) Plaintiff's Complaint alleges that Defendant Sterkel was an agent or employee of Defendant Oakwood Homes. (First Am. Compl., ¶ 73.) Additionally, Defendant Sterkel asserts that during all pertinent times, she was employed by FSI Financial Services, Inc., which was involved in financing the purchase at issue. (Mot. at 1.) Therefore, the Court determines that Defendant Sterkel is covered by the terms of the Agreement.

The Agreement further states:

> [C]laims based upon contract, tort, statute, warranty, or any alleged breach of contract, negligence, wantonness, fraud, misrepresentation, suppression of fact, or inducement, will to the fullest extent permitted by Federal law be resolved by binding arbitration administered by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules.

(Agreement at 1) Furthermore, it states: "[T]his Agreement is an election to resolve claims, disputes, and controversies by arbitration rather than the judicial process. IT IS UNDERSTOOD THAT THE PARTIES WAIVE ANY RIGHT TO A JURY TRIAL OR A TRIAL IN COURT." (*Id.* at 2.) Plaintiff's signature appears at the bottom of the Agreement. (*Id.*)

In *AT&T Techs. v. Communications Workers of Am.*, 475 U.S. 643 (1986), the United States Supreme Court held that the analysis begins with the observation that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id*. at 648. However, it is settled authority that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See, e.g., Stoudt v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25

2

(1983); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). When Congress enacted the Arbitration Act, it intended to reverse "centuries of judicial hostility to arbitration agreements" and it was "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 510 (1974); *Moses*, 460 U.S. at 24. The Supreme Court held in *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960), that "[a]n order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 582-83.

Under Section 4 of the Federal Arbitration Act, a federal court must order arbitration "once it is satisfied that 'the making of the agreement for arbitration or the failure to comply [with the arbitration agreement] is not in issue.'" *Harter v. Iowa Grain Co.*, 220 F.3d 544, 550 (7th Cir. 2000) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403 (1967)). Furthermore, a "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Plaintiff does not argue that she did not sign the Agreement. Plaintiff argues that she signed the Agreement under duress and that the Agreement is unconscionable. (Resp. at 3, 6.)

Plaintiff has presented no evidence of duress or unconscionability. There is not an issue of material fact as to the making of the agreement for arbitration or the failure to comply with the Arbitration Agreement. Furthermore, claims alleging "unconscionability, coercion, or confusion in signing the agreement generally should be determined by an arbitrator because those issues go to the formation of the entire contract rather than to the issue of misrepresentation in the signing of the arbitration agreement." *Coleman v. Prudential Bache Sec., Inc.,* 802 F.2d 1350, 1351 (11th Cir. 1986);

*see also Merrill Lynch, Pierce, Fenner, & Smith v. Haydu*, 637 F.2d 391, 398 (5th Cir. 1981); *Brener v. Becker Paribas, Inc.*, 628 F. Supp. 442, 446 (S.D.N.Y. 1985). Therefore, this Court finds that Plaintiff's claims of duress and unconscionability should be determined by the arbitrator.

Upon review, the Court finds that there is a valid Agreement, and that Plaintiff's claims made as part of the lawsuit are covered by the Agreement. (*See* Agreement at 1.) Therefore, in light of the above principles of arbitration and the terms of the Agreement, this Court finds that the parties' disputes should be resolved by arbitration, and Plaintiff's claims against Defendant Kathleen Sterkel will be dismissed. *See Arnold v. Arnold Corp.--Printed Communications for Bus.*, 920 F.2d 1269, 1275-78 (6th Cir. 1990); *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Sagal v. First USA Bank, N.A.*, 69 F. Supp. 2d 627, 632 (D. Del. 1999).

An Partial Judgment in accordance with this Opinion shall issue.

DATED in Kalamazoo, MI:  　　　　　　　 /s/ Richard Alan Enslen  
　　July 21, 2005  　　　　　　　　　　　RICHARD ALAN ENSLEN  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

4